IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

STATE OF OHIO, *et al.*,

        Plaintiffs,

v.

DOROTHY A. FINK, *et al.*,

        Defendants.

Case No. 1:21-cv-675

Judge Timothy S. Black

**CONSENT MOTION TO STAY PROCEEDINGS**

    Defendants[1] respectfully request that this Court stay proceedings in this matter pending resolution of the plaintiff's petition for rehearing en banc in *Tennessee v. Becerra*, No. 24-5220 (6th Cir.), including, if granted, resolution of any rehearing, which will be binding on this Court and Defendants anticipate will impact their briefing and the Court's resolution of the legal issues in the instant case. Defendants also note that a certiorari petition is pending before the U.S. Supreme Court in a similar case involving legal issues that will likely bear on the outcome of this lawsuit. *See* Petition for Writ of Certiorari, *Oklahoma v. HHS et al.*, No. 24-437 (U.S. Oct. 18, 2024). Defendants have conferred with Plaintiffs who have indicated that they do not oppose Defendants' motion for a limited stay pending disposition of the rehearing petition in *Tennessee v. Becerra*.

    In the instant case, the Sixth Circuit Court of Appeals issued a decision on Plaintiffs' preliminary injunction appeal on November 30, 2023. *See Ohio v. Becerra*, 87 F.4th 759 (6th Cir. 2023). The Sixth Circuit determined that the preliminary injunction factors weighed in favor of granting relief to Ohio with respect to its challenge to the 2021 Title X Rule's program-integrity requirements. *See id.* at 784 (finding that "Ohio is entitled to a preliminary injunction enjoining

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the official capacity Defendants who no longer hold office have been automatically substituted by their successors.

the United States from enforcing the 2021 Rule's program integrity rules in Ohio in a manner that would affect the allocation of funding in Ohio"). In all other respects, the Sixth Circuit affirmed this Court's decision to deny preliminary injunctive relief, including as to the 2021 Title X Rule's abortion referral requirement and as to all other Plaintiffs.

Plaintiffs filed a motion for summary judgment on January 24, 2025. ECF No. 86. Plaintiffs' motion argues that the Sixth Circuit's decision on Plaintiffs' preliminary injunction appeal warrants summary judgment in Plaintiffs' favor as to the Rule's program-integrity requirements, which in turn warrants vacatur of the 2021 Rule in its entirety. Defendants' response is currently due on February 14, 2025.

Defendants respectfully request that their response to Plaintiffs' motion and all proceedings in this case be stayed until resolution of the plaintiff's petition for rehearing en banc, and any subsequent rehearing, in *Tennessee*. The plaintiff's petition in *Tennessee* seeks review of the Sixth Circuit's decision that it is within HHS's authority to require Title X projects to offer pregnant patients neutral, factual information about abortion (referred to here as the "abortion referral requirement"). *Ohio*, 87 F.4th at 770-77. Tennessee filed the petition for rehearing en banc on October 9, 2024. *Tennessee*, No. 24-5220 (6th Cir. Oct. 9, 2024), ECF No. 53. Defendants filed a response to that petition on November 15, 2024. *Tennessee*, No. 24-5220 (6th Cir. Nov. 15, 2024), ECF No. 69. That petition is now ripe for review. The resolution of that petition, and, if granted, any subsequent rehearing, will impact Defendants' briefing and the Court's resolution of the instant case, which similarly involves a challenge to HHS's authority to require Title X projects to offer pregnant patients neutral, factual information about abortion. *See* Compl., ECF No. 1, ¶¶ 127-28.

Defendants also note that the plaintiff in *Oklahoma v. HHS* filed a petition of certiorari to the United States Supreme Court on October 15, 2024, which similarly involves a challenge to HHS's abortion referral requirement. Petition for Writ of Certiorari, *Oklahoma v. HHS et al.*, No. 24-437 (U.S. Oct. 18, 2024). That petition has been fully briefed as of December 27, 2024. If the Supreme Court grants the plaintiff's petition in *Oklahoma,* the resolution of that case will also

2

likely bear on the instant case.

Defendants respectfully request that the Court stay district court proceedings pending the Sixth Circuit's resolution of the petition, or any subsequent rehearing, in *Tennessee*. This will promote judicial economy and preserve the parties' resources. *See Ostendorf v. Grange Indem. Ins. Co.*, No. 2:19-CV-1147, 2020 WL 729887 (S.D. Ohio Feb. 13, 2020). The plaintiff's petition in *Tennessee* implicates the same legal issue that the parties and the Court in this case will address at the summary judgment stage, including the interpretation of 42 U.S.C. §300a-6. An appellate decision in *Tennessee* will thus likely provide the Court and the parties significant aid in the ultimate resolution of this case. Furthermore, Defendants' proposed stay is of a limited and definite duration that will not cause undue delay in the resolution of this case. Nor will Plaintiffs, who does not oppose Defendants' request, be unduly prejudiced or tactically disadvantaged: a preliminary injunction is currently in place and therefore Plaintiffs face no imminent harm.

Defendants further propose that the parties file a joint status report with the Court within thirty days after either the Sixth Circuit denies the plaintiff's petition in *Tennessee* or, if the Sixth Circuit grants the plaintiff's petition, the Sixth Circuit's final resolution of the rehearing en banc in *Tennessee*, in which the parties will propose next steps in this case.

DATED: February 7, 2025        Respectfully submitted,

        BRETT A. SHUMATE
        Acting Assistant Attorney General

        MICHELLE R. BENNETT
        Assistant Branch Director

        */s/ Allyson R. Scher*
        R. CHARLIE MERRITT
        MICHAEL P. CLENDENEN
        ALLYSON R. SCHER
        Trial Attorneys
        Civil Division, Federal Programs Branch
        U.S. Department of Justice

1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-9836
Email: allyson.r.scher@usdoj.gov

*Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

On February 7, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Ohio, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Allyson R. Scher*
Allyson R. Scher

*Counsel for Defendants*